MALDONADO & COMPANY and LEWIS M. SWASEY, as Sheriff of the County of Kings, State of New York, Appellants, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY and HANS TRIEST and CARL J. SCHRAMME, Formerly Copartners, under the Copartnership Name of H. MARQUARDT & COMPANY, Respondents.

First Department, November 9, 1917.

**Attachment — action upon undertaking given pursuant to section 658a of the Code of Civil Procedure to discharge levy — pleading — complaint — order for leave to bring action.**

In an action brought upon an undertaking given pursuant to section 658a of the Code of Civil Procedure to discharge the levy of an attachment, an allegation in the complaint of the making of an order by the court granting

leave to bring such action, is sufficient. It is unnecessary to allege or prove that said order was properly issued or to show that the jurisdictional facts were before the judge who granted the same, or to allege " the disposition of the action in which the attachment was issued."

Such order having been made, it is to be presumed that all of the necessary facts to sustain the same were before the judge. If there was any infirmity in such proceeding, it must be taken advantage of by appeal from or motion to vacate the order, or by way of defense, if the facts show lack of jurisdiction.

APPEAL by the plaintiffs, Maldonado & Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of April, 1916, granting the separate motions of the defendants for judgment on the pleadings, consisting of a complaint and answers, upon the ground that the complaint failed to state a cause of action.

*James J. Franc,* for the appellants.

*William J. McArthur* and *Arthur A. Michell,* for the respondents.

PAGE, J.:

The action was brought upon an undertaking given pursuant to section 658a of the Code of Civil Procedure, to discharge the levy of an attachment. The undertaking of H. Marquardt & Company, claiming ownership of the attached goods, was as follows: " In the sum of Seventeen hundred and fifty ($1750.) dollars that in an action to be brought on this undertaking, the said H. Marquardt & Company will establish that they were the owners of such goods and effects at the time of the levy thereon, and that in case of their failure to do so, they will pay to the Sheriff full value of the property so claimed, with interest from the date thereof, together with the costs of the action."

The learned justice at Special Term has held that it was necessary for the plaintiff to allege " the disposition of the action in which the attachment was issued," making applicable to this case the rule that would apply to an action on an undertaking given by a defendant to retake replevined property. This section of the Code was enacted to provide a method by which the claimant could retain possession of the

attached chattels.   Under the former procedure the title was tried by a sheriff's jury, which invariably found in favor of the claimant, whereupon the plaintiff gave an undertaking for twice the value of the property attached, and then the sheriff retained the goods.   The claimant was thus remitted to an action against the sheriff.   By the method provided for under section 658a, the claimant gives the undertaking and retains possession of the property.   The undertaking then becomes substituted for the property.   It is provided in the Code and in the undertaking given that an action shall be brought on the undertaking, in which action the claimant must establish his ownership of the property or pay the amount of the undertaking to the sheriff.   The application for leave to bring the action must be made to the court before the warrant of attachment is vacated or annulled, of which application all parties in interest must have notice.   The fact of the timely application must be shown to the judge before he grants the order.   He having made the order, it is to be presumed that all of the necessary facts to sustain the order were before him.   If there was any infirmity in that proceeding, it must be taken advantage of by appeal from or motion to vacate the order, or by way of defense, if the facts show lack of jurisdiction.

It is not necessary for the plaintiff to allege or prove in this action that the order was properly issued, or to show that the jurisdictional facts were before the judge who granted the same.   An allegation of the making of the order is all that is necessary in the complaint.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.